**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | CIVIL ACTION NO. 10-5299 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| HARRY GRASSO, et al., |  |
| Defendants. |  |

**KEVIN HAGERMAN, JR.**, Sharon Hagerman, and Kevin Hagerman, Sr. (collectively, "Hagermans") brought an action in New Jersey state court ("State Action") to recover damages for personal injuries against Harry Grasso, Patricia Grasso (collectively, "Grassos"), Towne Five Cleaners, LLC ("TFLLC"), Comart Realty Corporation ("CRC"), and GB Ltd. Operating Company, Inc. ("GBL"). (Dkt. entry no. 1, Compl., Ex. B, State Action Compl., Hagerman v. Grasso, No. 10-1661 (N.J. Super. Ct. Monmouth Cnty. Mar. 30, 2010).) The State Action remains pending. Pennsylvania National Mutual Casualty Insurance Company ("PNM") allegedly provided coverage to the Grassos. (See Compl. at 3-5.) PNM brought this separate action in federal court on October 15, 2010, against the Grassos, TFLLC, CRC, GBL, and the Hagermans for a judgment declaring that PNM is not obligated to defend and indemnify the Grassos in the State Action ("Declaratory Judgment Action"). (See Compl.)[1] PNM

---

[1] The Declaratory Judgment Action was recently reassigned to this Judge. (See dkt. entry no. 5, 12-28-10 Order.)

asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Id. at 2.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**IT APPEARS**, from PNM's allegations and the Court's own research, that (1) PNM is deemed to a Pennsylvania citizen, and (2) the Grassos, CRC, and the Hagermans are deemed to be New Jersey citizens.  But PNM has failed to properly allege the citizenship of TFLLC and GBL.

**PNM** alleges that TFLLC "is a limited liability company organized under the laws of . . . New Jersey with a principal place of business located [in] New Jersey".  (Compl. at 2.)  But limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Id. at 420.  The name and citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and

2

belief "does not convince the Court that there is diversity among the parties"). PNM has failed to allege TFLLC's citizenship.

**PNM** alleges that GBL "is a corporation organized under the laws of . . . New Jersey with a principal place of business located [in] New Jersey". (Compl. at 2 (emphasis added).) PNM has failed to properly allege the state in which GBL has "its" principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185-86, 1192-93 (2010); Brooks-McCollum v. State Farm Ins. Co., 376 Fed.Appx. 217, 219 (3d Cir. 2010), cert. denied, 131 S.Ct. 459 (2010); Freedman, 180 Fed.Appx. at 320. Even if PNM is correct in alleging that GBL is a corporation organized under the laws of New Jersey, PNM has failed to completely allege GBL's citizenship.

**PNM** has failed to show that it is deemed to be a citizen of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Complaint, but will do so without prejudice to PNM to either – within thirty days – (1) recommence the Declaratory Judgment Action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with

3

the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the Declaratory Judgment Action in federal court, with documentation properly demonstrating the citizenship of each party. If PNM opts to move to reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**PNM** is advised – if it moves to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). Thus, PNM must properly (1) list and analyze the citizenship of each member within TFLLC as it existed on October 15, 2010, including non-managing and non-individual members, i.e., provide supporting documentation and affidavits from those with knowledge of TFLLC's structure, (2) demonstrate the citizenship of GBL as of October 15, 2010, i.e., provide supporting documentation of its state of incorporation and the state in which has its principal place of business, and (3) show that there is jurisdiction under Section 1332. The Court advises PNM that it must specifically assert citizenship as it existed on October 15, 2010.

**THE COURT** cautions PNM — if it opts to move to reopen — against restating the allegations from the Complaint. The Court advises PNM that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to

is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).  The Court advises PNM that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as PNM should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320.  As PNM is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** also advises that even if PNM demonstrates jurisdiction under Section 1332, the Complaint may be subject to dismissal nonetheless, as (1) this is a declaratory judgment action involving insurance coverage issues, (2) PNM could be named in the State Action as a defendant, as a third-party defendant, or in some other capacity, and (3) a determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Action.  Thus, this Court might abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491

5

(1942)); Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action); see also Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, because deciding insurance coverage issue raised in federal action would affect — and thus interfere with — underlying state action issue).  The Court might be inclined, in view of the pending State Action, to "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).

**THE COURT** will issue an appropriate order and judgment.

        s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated:  January 6, 2011